ARKANSAS NATURAL GAS CORPORATION *v.* BROWNE.

4-4110

Opinion delivered January 27, 1936.

*Buzbee, Harrison, Buzbee & Wright,* for appellant.

*J. H. Lookadoo* and *Lyle Brown,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $3,000 rendered against appellant in favor of appel-

lee in the circuit court of Clark County for an injury received by appellee in falling over a small rod five-eighths of an inch in diameter protruding from the ground in appellee's back yard, which rod had been installed by appellant many years prior to the injury to hold a guy wire attached to one of its poles erected on the street line of an adjoining street. The rod was imbedded in a small concrete foundation under ground to securely hold it. One end of the guy wire was fastened to the rod and the other to the pole at the time the rod was installed. The rod was about eighteen inches long and bent over toward the street. The picture which was taken and introduced in evidence shows that it was three or four inches above the ground, but appellee testified that at the time he caught his foot under it and fell, "it was kind'o mashed down in the grass" and not standing up prominently as reflected by the picture. The guy wire had been disconnected from the rod and pole from seven to ten years before the injury, and the rod had not been maintained and used by appellant for any purpose for about that period of time. When disconnected and abandoned, it was left standing in the yard. Appellee had occupied the premises for three or more years as the tenant of his daughter-in-law when he was injured. Appellee's wife had attended to mowing the lawn during the time he had lived in the house. She employed a colored man from time to time to mow the lawn. Appellee testified that he would come to and from his home by the way of his garage, and that he had never observed the rod in the ground until he caught his foot under it and fell on the evening of January 28, 1935, as he was going from the street across to his garage to see if some one was stealing gas out of his car.

Upon the conclusion of the evidence, appellant requested an instructed verdict upon the ground that no liability was shown against it under the facts stated above. The court refused to give the instruction and submitted the issue of liability to the jury. The court erred. Under the law as applied to the facts, appellee, as a reasonably prudent man in the exercise of ordinary care, should have discovered the existence and location

of the rod in his small back yard during the long period of time he occupied the premises. The rod was not concealed, and could have been seen by a casual observer. He was guilty of contributory negligence in not discovering it long before he did.

On account of the error indicated, the judgment is reversed, and the cause is dismissed.