STANDARD OIL COMPANY OF LOUISIANA *v.* HODGES.

4-4585

Opinion delivered April 5, 1937.

*Moore, Gray, Burrow & Chowning,* for appellant.

*Williams & Williams* and *May & Horton,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $1,250 recovered by appellee against appellant in the circuit court of Logan county, Southern District, for an injury he received in tripping over one of its pipes protruding from Main street as he stepped from the sidewalk to the street at the intersection of Broadway and Main streets in the town of Booneville. The sidewalk is about eighteen inches above the concrete street level, but the street curb is about nine inches above the concrete street level, and was so constructed that it is the intervening first step down from the sidewalk on Broadway to the walkway across Main street. In the middle of the walkway just a few inches from the street curb there was and is a small pipe protruding upward about two and one-half inches above the concrete street level which was and is connected to a gasoline tank buried in the earth

under the concrete street. The pipe and tank had been there for many years and was there when the streets were paved with concrete. In paving the streets the concrete was poured around the pipe leaving about two and one-half inches of the pipe above the surface of the street. This pipe and tank, as well as other pipes and tanks at the intersection of these streets, had been used for a number of years as a part of the equipment of a filling station located on the northeast corner of the intersection. In starting across Main street, appellee stepped from the sidewalk to the curb with his right foot and as he stepped from the curb to the pavement with his left foot he caught his left heel on the small pipe in or near the center of the walkway across Main street and fell backward striking the sharp edge of the sidewalk on Broadway resulting in a very serious injury to his back.

Appellant contends for a reversal of the judgment on the grounds that the undisputed evidence in the record reflects that appellant did not own the pipe over which appellee fell and injured himself; and that the injury was the result of his own negligence in stepping on or tripping over the pipe.

After carefully reading the record we cannot agree with appellant that either ground urged by it for a reversal of the judgment finds support in the undisputed evidence.

The filling station at the northeast corner of the intersection of the streets had been and was being operated by Donathan Brothers at the time they discontinued the use of the products of the Continental Oil Company and began the use of appellant's products.

Prior to the change all the equipment which had been used in connection with the filling station except one tank owned by E. E. Gloar, belonged to or was the property of the Continental Oil Company. One tank and the pipe belonging to it was purchased by appellant from E. E. Gloar, but it was not the pipe attached to the Gloar tank that appellee tripped over.

There is a dispute in the testimony as to whether appellant purchased all the equipment owned by the Continental Oil Company or only so much thereof as was in active use when it transferred same to appellant.

The pipe over which appellee fell was attached to a 5-barrel tank which was not being used when the transfer was made, but had been used prior to that time, and might be repaired and used at any time.

The invoice of the equipment furnished by the Continental Oil Company to appellant when the change was made, made no mention of a 5-barrel tank, but only mentioned 10-barrel tanks. It was not known when the change was made that the pipe causing the injury was connected with a 5-barrel tank. The test to ascertain whether it was a five or a ten-barrel tank was made during the trial of the case.

Relative to the equipment which was transferred from the Continental Oil Company to appellant when the change was made Grady Templeton, an employee of the Continental Oil Company, testified that the pipe over which appellee fell and the tank to which it was attached was the property of the Continental Oil Company when the change was made and that the title to all the equipment passed to appellant at that time. We cannot agree with appellant that his testimony was discredited to such an extent that this court must disregard it in determining whether there is any substantial evidence to support the judgment. The credibility of the witness was a question for the jury and his testimony having been accepted and believed by the jury cannot be disregarded on this appeal.

Having determined that there is substantial evidence in the record tending to show that appellant owned the pipe in question we direct our attention to the question of whether appellee was guilty of contributory negligence under the undisputed evidence as a matter of law.

The record reflects that appellee was a farmer who had lived in the country near Booneville practically all of his life; that he had been in Booneville many times, but that he did not remember having ever noticed that

this particular pipe was situated in the walkway across Main street over which he fell and injured himself; that he was walking along at the time in an ordinary manner and in the usual way that others walked on the sidewalk.

We know of no duty resting upon pedestrians traveling on sidewalks constructed for their use to keep a lookout for protruding pipes negligently maintained therein by others and especially for small pipes protruding only two and one-half inches above the walkway. Of course, if the obstruction had been large enough to attract the attention of any one passing along, such a duty may have rested upon those using the walkway. In support of appellant's contention that appellee was guilty of contributory negligence as a matter of law, we are cited to the case of *Arkansas Natural Gas Corporation* v. *Browne,* 191 Ark. 1152, 89 S. W. (2d) 931, as controlling in this case. In that case the facts were entirely different. The rod Browne tripped on was in a small back yard of a residence, where he had been living several years. In that case Browne did not exercise the care of a reasonably prudent man or he would have known or should have known of the existence and location of the rod. In the instant case, a reasonably prudent man was not necessarily required, in the exercise of ordinary care, to discover the small protruding pipe. There is no similarity between the two cases. It cannot be said in the instant case that appellee was guilty of contributory negligence in failing to observe and avoid the pipe. No error appearing, the judgment is affirmed.